IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GDS INTERNATIONAL, LLC, § § | |
| Plaintiff, § § | |
| vs. § | C.A. NO.: _____ |
| § § | |
| CALGARIG CORPORATION, § § | |
| Defendant. § | |

**PLAINTIFF GDS INTERNATIONAL, LLC'S ORIGINAL COMPLAINT**

Plaintiff GDS International, LLC ("GDS" or "Plaintiff") files this Original Complaint against Defendant CalgaRIG Corporation ("CalgaRIG" or "Defendant").

### I.  Nature of Complaint

1.  This lawsuit concerns the unlawful theft and misappropriation of proprietary information and arises under and is brought to enforce rights created by the Texas Theft Liability Act, TEX. CIV. PRAC. & REM. CODE §§ 134.001 *et seq.*, the Lanham Act (15 U.S.C. §§ 1125(a), *et seq.*) and Texas common law and seeks damages (including exemplary damages) and injunctive relief.

### II.  Parties

2.  Plaintiff GDS is a Texas corporation and maintains its principal place of business at 9841 Windmill Park Lane, Houston, Texas  77064.

3.  Upon information and belief, Defendant CalgaRIG Corporation is a corporation duly organized under the laws of Canada, having its principal place of business at 6125, 11th St. SE, Calgary, Alberta T2H 2L6  Canada.  Under Fed. R. Civ. P. 4(f)(1) and the Hague Convention on the Service Abroad of Judicial and Extrajudicial documents, Defendant CalgaRIG Corporation

1

may be served by forwarding a summons, complaint and formal request to the Canadian Central Authority for the Hague Convention, Ministry of Justice and Solicitor General, Office of the Sheriff Civil Enforcement, Attention: Shelley Teasdale, 2nd floor, 108th Street, Building 9942-108 Street, Edmonton, Alberta T5K 2J5, Canada.

### III.   Jurisdiction and Venue

4.   The Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §1332(a), because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and involves a dispute between a citizen of the United States and a citizen of a foreign State.

5.   This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, because those claims are so closely related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy and therefore make the Court's exercise of supplemental jurisdiction appropriate.

6.   Venue is proper in this judicial district under 28 U.S.C. §§1391(a) and 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims occurred here.

### IV.   Facts

7.   GDS manufactures and sells top drive systems to customers worldwide.  A top drive is an electric-powered mechanical device used to rotate the drill string during the drilling process.

8.   In approximately November 2010, GDS hired CalgaRIG to prepare certain drawings for use in GDS's construction of its "750/850" top drive system.  In return for payment of approximately $100,000.00, CalgaRIG prepared hundreds of drawings and provided them to GDS.  In preparing the drawings, CalgaRIG accessed and used prior drawings developed and owned by GDS.  The drawings prepared by CalgaRIG and provided to GDS included the following statement under the bold capitalized heading "PROPRIETARY AND

CONFIDENTIAL":

> THIS DOCUMENT, TOGETHER WITH ALL THE INFORMATION AND TECHNIQUES DISCLOSED THEREON, IS THE **PROPERTY OF GDS**, AND NO USE, DISCLOSURE OR REPRODUCTION OF ANY PARTY THEREOF MAY BE MADE EXCEPT BY THE **WRITTEN AUTHORIZATION OF GLOBAL DRILLING SUPPORT**.

9. Similarly, in approximately November 2011, GDS hired CalgaRIG to prepare certain drawings for use in GDS's construction of its "500/650" top drive system. In return for payment of approximately $100,000.00, CalgaRIG prepared hundreds of drawings and provided them to GDS. In preparing the drawings, CalgaRIG accessed and used prior drawings developed and owned by GDS. Once again, the drawings prepared by CalgaRIG and provided to GDS included the following statement under the bold capitalized heading "PROPRIETARY AND CONFIDENTIAL":

> THIS DOCUMENT, TOGETHER WITH ALL THE INFORMATION AND TECHNIQUES DISCLOSED THEREON, IS THE **PROPERTY OF GDS**, AND **NO USE**, DISCLOSURE OR REPRODUCTION OF ANY PARTY THEREOF MAY BE MADE EXCEPT BY THE **WRITTEN AUTHORIZATION OF GLOBAL DRILLING SUPPORT**.

10. In direct contradiction of the above-referenced declarations, CalgaRIG recently has informed GDS that it does not and never did intend to provide GDS ownership of any of the drawings it created for GDS (collectively, the "Proprietary Drawings"). Specifically, CalgaRIG states that:

> "CalgaRIG continues to own all of the intellectual property over our designs for . . . Top Drives. At no point has Calgary (sic) . . . ever sold the intellectual property to [GDS] in any manner whatsoever."

January 4, 2017 email from Saj Shapira (President & CEO of CalgaRIG) to Keith Holliday.

11. Additionally, GDS recently has learned that CalgaRIG sold copies of the Proprietary

3

Drawings (or used the Proprietary Drawings in creating additional drawings for sale) to another company – Bauer Deep Drilling GmbH. CalgaRIG did so without requesting or obtaining authorization from GDS.

12. Additionally, CalgaRIG's website includes multiple photographs of top drives manufactured by GDS (using the drawings owned by GDS). These photographs were obtained and are being used without authorization by GDS.

### V.     Claims for Relief

### Count 1 - Fraud

13. Plaintiff repeats and realleges the allegations set forth in paragraphs 1–12 as if fully set forth herein.

14. CalgaRIG represented to GDS, both orally and in writing, that it was providing GDS ownership of the Proprietary Drawings, as well as the information and techniques disclosed thereon. CalgaRIG also represented to GDS, both orally and in writing, that it would not disclose the Proprietary Drawings and the information and techniques disclosed thereon without written authorization from GDS.

15. GDS relied on CalgaRIG's representations when purchasing the Proprietary Drawings.

16. Based on CalgaRIG's recent statement that it (1) never sold the top drive intellectual property to GDS and (2) continues to own all such intellectual property, it has become apparent that CalgaRIG misrepresented its intentions to provide GDS ownership of the Proprietary Drawings and the information and techniques disclosed thereon.

17. CalgaRIG's misrepresentations and omissions have had the effect of depriving GDS of the exclusive control over its Proprietary Drawings and the value that GDS sought to achieve when it paid CalgaRIG for such drawings.

18. GDS relied on CalgaRIG in all of these circumstances to GDS's detriment and has suffered actual damages as a result. GDS also is entitled to an award of exemplary damages against CalgaRIG for its fraud.

### Count 2 – Misappropriation of Confidential Information
### (Common Law)

19. Plaintiff repeats and realleges the allegations set forth in paragraphs 1–18 as if fully set forth herein.

20. Plaintiff's Proprietary Drawings constitute confidential information. Such Drawings are generally unknown information that Plaintiff has taken reasonable efforts to keep secret and has economic value to competitors. It is not readily ascertainable by proper means.

21. Plaintiff has undertaken reasonable steps to protect its confidential information from disclosure and misuse, and Plaintiff has obtained a competitive advantage from it.

22. Without permission, Defendant CalgaRIG unlawfully misappropriated Plaintiff's confidential information, using it for Defendant's own advantage and to the detriment of Plaintiff. Specifically, without consent, CalgaRIG has claimed ownership of the Proprietary Drawings and apparently has sold copies of them to third parties.

23. CalgaRIG intentionally acquired the confidential information through what it knew was improper and unlawful means – namely misrepresentations to Plaintiff.

24. As a result of Defendant's misappropriation of Plaintiff's confidential information, Plaintiff suffered injury.

25. As a direct and proximate result of these wrongful acts, Defendant has caused Plaintiff to suffer damages, including loss of goodwill, loss of confidential information, and the expense of investigating, reporting, and mitigating the breach of such confidential information, all in an amount in excess of the minimum jurisdictional limits of this Court. Defendant's wrongful actions

have also caused, and will continue to cause, Plaintiff irreparable harm and injury, including loss of goodwill, and loss of confidential information.

### Count 3 – Violation of the Texas Theft Liability Act
### (Tex. Civ. Prac. & Rem. Code §§ 134.001 *et. seq.*)

26. Plaintiff repeats and realleges the allegations set forth in paragraphs 1–25 as if fully set forth herein.

27. This cause of action is brought by Plaintiff against CalgaRIG pursuant to the Texas Theft Liability Act, TEX. CIV. PRAC. & REM. CODE §§ 134.001 *et seq*.

28. Plaintiff owns and holds certain confidential and proprietary information and property, as described above. Plaintiff has taken extensive measures to prevent from this confidential information from becoming available to persons other than those selected by Plaintiff for specified purposes.

29. Without consent, CalgaRIG knowingly and unlawfully appropriated Plaintiff's property with the intent to deprive Plaintiff of its exclusive use of the Proprietary Drawings in violation of section 31.03(a) of the Texas Penal Code.

30. Defendant's unlawful appropriation of Plaintiff's property constitutes theft, and Plaintiff has suffered damages as a result of such theft.

31. Pursuant to TEX. CIV. PRAC. & REM. CODE § 134.005(a)(1), Plaintiff is entitled to recover its actual damages resulting from Defendant's theft as described above and additional damages as may be awarded by the trier of fact.

32. Pursuant to TEX. CIV. PRAC. & REM. CODE § 134.005(b), Plaintiff also is entitled to recover their court costs and reasonable and necessary attorneys' fees.

### Count 4 - Conversion

33. Plaintiff repeats and realleges the allegations set forth in paragraphs 1–32 as if fully set

forth herein.

34. Through its conduct, CalgaRIG acquired, used, and controlled Plaintiff's assets for its own benefit, constituting conversion.

35. CalgaRIG unlawfully appropriated Plaintiff's Proprietary Drawings, which constituted proprietary assets of Plaintiff. CalgaRIG then exercised dominion and control over this information in a manner that was inconsistent with Plaintiff's rights by incorporating it into its business. As a result of CalgaRIG's conduct, Plaintiff has been damaged.

36. The conduct above was deliberate and intentional, or in the alternative, grossly negligent and in reckless disregard for the rights of Plaintiff, giving rise to liability for exemplary damages.

### Count 5 – Trespass to Chattels

37. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-36 as if fully set forth herein.

38. Through its conduct, Defendant interfered with Plaintiff's possession of its property and/or injured Plaintiff's property when Defendant unlawfully misappropriated, used, and intentionally exercised wrongful control over Plaintiff's assets for Defendant's own benefit, constituting trespass to chattels.

39. Defendant's appropriation of Plaintiffs' Proprietary Drawings was not authorized.

40. As a result of Defendant's unauthorized interference with Plaintiff's property, Plaintiff has been damaged.

### Count 6:  Unjust Enrichment/Quantum Meruit

41. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-40 as if fully set forth herein.

42. Defendant knowingly accepted, used and benefited from the Proprietary Drawings.

43. Defendant knew or should have known that Plaintiff expected to be paid for any use of its Proprietary Drawings, and it would be inequitable for Defendant to enjoy the benefit of such Drawings without compensating Plaintiff.

### Count 7: Violation of the Lanham Act
### (15 U.S.C. § 1125(a), *et seq.*)

44. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-43 as if fully set forth herein.

45. The Lanham Act creates a federal cause of action for any false designation of origin used in commerce which is likely to cause confusion, or to cause mistake, or to deceive. 15 U.S.C. § 1125(a).

46. Defendant's marketing, sale and distribution of Plaintiff's Proprietary Drawings under Defendant's name constitutes reverse passing off and knowing and willful violations of 15 U.S.C. § 1125(a). As a result of Defendant's knowing and willful violations, Plaintiff has suffered actual damages as a result. In addition, Plaintiff is entitled to recover statutory damages pursuant to 11 U.S.C. § 1117.

**VI.   Application for Preliminary Injunctive Relief and Permanent Injunctive Relief**

47. Plaintiff incorporates each of the foregoing paragraphs above as if fully set forth herein.

48. Plaintiff has already suffered and will likely suffer further irreparable injury from Defendant's illegal acquisition and use of Plaintiff's Proprietary Drawings. Plaintiff already has suffered and is likely to continue to suffer damage as long as Defendant is in a position to use or disclose the confidential Proprietary Drawings. In addition, Plaintiff's ability to compete effectively in the marketplace will continue to be compromised as long as Defendant continues to possess the Proprietary Drawings.

49. While Plaintiff is seeking an award for its legal damages and to recoup the wrongful gains

obtained by Defendant, there is no adequate remedy at law to fully rectify the actual and prospective loss to Plaintiff as a result of Defendant's continued misappropriation of its confidential information and documents. The recovery of monetary damages alone cannot prevent the further use or disclosure of the confidential information which Defendant has misappropriated.

50.  There is a substantial likelihood that Plaintiff will prevail on the merits of this case.

51.  Defendant's misappropriation of such information is a clear violation of its legal obligations for which no reasonable defense can be offered.

52.  Plaintiff therefore requests a preliminary and permanent injunction pursuant to Federal Rule of Civil Procedure 65, 15 U.S.C. § 1116 and 15 U.S.C. § 1125(c)(1) against Defendant, requiring that Defendant:

    a.  Provide all copies of the Proprietary Drawings to the Court and Plaintiff's counsel;

    b.  Delete all materials, data, and information obtained from and by using the misappropriated Proprietary Drawings, including but not limited to website references to GDS and photographs of GDS's top drive systems;

    c.  Make no further use or disclosure whatsoever of any and all of Plaintiff's Proprietary Drawings;

    d.  Identify all persons to whom Plaintiff's Proprietary Drawings have been disclosed; and

    e.  Refrain from using any of Plaintiff's Proprietary Drawings and from conducting, soliciting, or performing any business or service thereon, regardless of whether such business or service opportunity becomes available after the deletion of the Proprietary Drawings.

53.  Defendant would face no significant harm by complying with an injunction barring their continued possession, use, or disclosure of the confidential information because the contents of such material do not belong to them. In contrast, in the absence of such an injunction, the damage to Plaintiff which could result from Defendant's continued possession, use, or disclosure of these

materials cannot be undone.

54. The public interest favors issuance of the requested injunctive relief and will be served by the promotion of ethical behavior and the protection of property rights and confidential member information.

55. Plaintiff is willing to post a bond in the amount, if any, that the court deems appropriate/

56. Plaintiff asks the court to set their application for preliminary injunction for hearing and, after hearing the request, to issue a preliminary injunction against Defendant.

57. Plaintiff asks the court to include the application for permanent injunctive relief in a full trial on the merits of this case and, after the trial, to issue a permanent injunction against Defendant, as well as to provide Plaintiff with the other relief it has requested.

## VII. Attorneys' Fees

58. Plaintiff has employed the undersigned attorneys to prosecute this suit on their behalf.

59. Plaintiff is entitled to recover reasonable and necessary attorneys' fees and costs incurred in the prosecution of this lawsuit pursuant to, *inter alia*, TEX. CIV. PRAC. & REM. CODE § 134A.005(b), § 134.005(b), § 143.005(b) and 15 U.S.C. § 1117(a).

## VIII. Jury Demand

60. Having paid the required fee, Plaintiff demand a trial by jury upon all issues raised in this Complaint.

## IX. Prayer

For the foregoing reasons, Plaintiff respectfully requests that, following a jury trial, it be granted the following relief:

    a) judgment in favor of Plaintiff and against Defendant on Counts 1 through 7;
    b) award of compensatory damages, disgorgement of revenues and/or gains wrongfully acquired, treble damages, statutory and exemplary damages;
    c) entry of a preliminary injunction, thereafter to be made permanent, that, among

other things, enjoins Defendant from keeping, using, or disclosing any information, documents or other property owned by or obtained from Plaintiff, and granting all other injunctive relief requested herein;

d) entry of an order directing Defendant to return all copies of Plaintiff's Proprietary Drawings;

e) entry of an order directing Defendant to identify any person or persons to whom the Proprietary Drawings have been disclosed;

f) award of reasonable attorneys' fees and the costs of prosecuting this action;

g) award of pre- and post-judgment interest on damages as allowed by law; and

h) an award to Plaintiff of all other relief, in law and in equity, to which it may show itself to be entitled or as the Court deems just and appropriate.

DATED:  January 18, 2017

Respectfully submitted,

HUGHES ARRELL KINCHEN LLP

By: /s/ John Kinchen
John Kinchen
Federal ID No. 18184
Texas Bar No. 00791027
jkinchen@hakllp.com
Paul C. (Pat) Murphy IV
Federal ID No. 21264
Texas Bar No. 00797128
pmurphy@hakllp.com
1221 McKinney, Suite 3150
Houston, Texas 77010
Telephone: 713.942.2255
Facsimile: 713.942.2266

ATTORNEYS FOR PLAINTIFF
GDS INTERNATIONAL, LLC